J-A27029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD D. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 3620 EDA 2018 |

Appeal from the Order Entered December 3, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0411681-1996,
CP-51-CR-1202801-1996

BEFORE: BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 29, 2020**

Appellant, Ronald D. Williams, appeals from the December 3, 2018 order denying his petitions filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, at trial court docket numbers CP-51-CR-00411681-1996 and CP-51-CR-1202801-1996.[1] We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

On March 28, 1996, [Appellant] killed Fred Williams during an attempted robbery on the 700 block of W. Master Street in Philadelphia. [Appellant] fired five shots with a handgun at the victim. An elderly neighbor testified that she heard the victim beg for his life while lying on the ground beneath [Appellant], "[D]on't do me like that, don't do me like that..."[.] [Appellant] rifled the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order denying the PCRA petitions listed both trial court docket numbers.

pockets of the victim. . . . Williams died as a result of the shooting. When police arrived at the scene, [Appellant] was hunched over the victim's body. [Appellant] attempted to flee the scene but was chased and arrested by police shortly thereafter.

[Appellant] was charged with First Degree Murder and related offenses. At trial, the following occurred:

> The Commonwealth presented the following uncontradicted evidence of [Appellant's] guilt: (1) two witnesses, who lived on the block where the incident occurred, testified to hearing one gunshot followed by four more gunshots; (2) these witnesses saw [Appellant] standing over the victim and going through his pockets; (3) Officer William Jordan, who was on patrol in the area, heard several gunshots and as he drove toward the source of the gunshots, he saw [Appellant] reach down, yank a watch from the victim's arm and then flee; (4) Officer Jordan pursued [Appellant] in his patrol car, placed him under arrest, patted him down and found a watch with a broken band in his possession; (5) [Appellant's] clothes had blood on them at the time of his arrest; (6) [Appellant] waived his *Miranda* rights and admitted to the police that he pulled a .38 caliber gun on the victim in an attempt to rob him; (7) the victim died as a result of suffering four gunshot wounds; and (8) the projectile, which was removed from the victim's body, was from a .38 caliber or 9 mm handgun.

Commonwealth v. Williams, 775 PHL 1997, 6-7 (Pa. Super. 1998). On January 23, 1997, [Appellant] was found guilty of murder in the second degree, robbery, [and] possession of an instrument of crime[2] following a jury trial before the Honorable Jane Cutler Greenspan. [Appellant] waived a mental health evaluation and was immediately sentenced to life incarceration without the possibility of parole. On April 1, 1998, the Superior Court affirmed [Appellant's] judgment of sentence. On April 15, 1998, [Appellant] filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on August 25, 1998.

---

[2] 18 Pa.C.S. §§ 2502, 3701, and 907, respectively.

On March 7, 2016, [Appellant] filed a *pro se* PCRA petition in which he claimed to be serving an illegal sentence and that his petition met the time filing exception due to the new constitutional change recognized in Miller v. Alabama, 567 U.S. 460, 465 (2012). On February 2, 2018, Mark D. Mungello, Esquire was appointed to represent [Appellant]. On April 3, 2018, [Appellant] filed an Amended PCRA petition. [Appellant's] date of birth is June 1, 1975. [Appellant] admits that he was 20 years old at the time of the offense.

On November 2, 2018, the [c]ourt sent [Appellant] a 907 Notice of Intent to Dismiss. On November 26, 2018, [Appellant] filed a response to the 907 Notice. On December 3, 2018, following a thorough review of the record, this [c]ourt dismissed [Appellant's] PCRA petition as untimely and for lack of merit. On December 12, 2018, [Appellant] filed a Notice of Appeal.

PCRA Court Opinion, 3/4/19, at 2-3. The PCRA court did not order the filing of a Pa.R.A.P. 1925(b) statement, but it filed an opinion pursuant to Pa.R.A.P. 1925(a).

Before we address the merits of Appellant's claims, we must determine whether this appeal is properly before us. The record reveals that on December 12, 2018, Appellant filed identical notices of appeal from the dismissal of his PCRA petitions at trial court docket numbers CP-51-CR-0411681-1996 and CP-51-CR-1202801-1996. Both notices of appeal bore docket numbers CP-51-CR-0411681-1996 and CP-51-CR-1202801-1996. Notices of Appeal, 12/12/18. As noted, the PCRA court order dismissing the PCRA petitions as untimely included both trial court docket numbers. Note 1 *supra*.

In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court explained that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Id.** at 976-977. "Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed." **Id.** at 976 (quoting Pa.R.A.P. 341, note). The failure to file separate notices of appeal at each docket requires the appellate court to quash the appeal. **Id.** at 977. Our Supreme Court held that **Walker** applies prospectively to appeals filed after June 1, 2018. **Id.** at 971.

After our Supreme Court filed its decision in **Walker**, a panel of our Court decided **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019). In **Creese**, the Majority concluded that the appellant did not comply with the requirements set forth in **Walker**. Specifically, the appellant in **Creese** filed four identical notices of appeal, each listing all four trial court docket numbers. **Creese**, 216 A.3d at 1144. The Majority quashed the appeals holding, "[This Court] may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead, a notice of appeal may contain only one docket number." **Id.**

However, during the pendency of the instant appeals, an *en banc* panel of this Court expressly overruled **Creese's** mandate that a notice of appeal may contain only one docket number. **Commonwealth v. Johnson**, ___ A.3d ___, ___, 2020 PA Super 164, *5 (Pa. Super. filed July 9, 2020) (*en*

*banc*)).  Specifically, the *en banc* Court opined that where an appellant files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal] contained [more than one trial court docket number] is of no consequence."  ***Id.***    Thus, pursuant to ***Johnson***, although Appellant's separate notices of appeal bore more than one docket number, the notices of appeal do not run afoul of ***Walker*** or Pa.R.A.P. 341.  Accordingly, we continue with our discussion.

Appellant presents the following issue for our review:

> Whether the lower court improperly dismissed [Appellant's] P.C.R.A. Petition as being untimely and without merit where that Petition was filed within the requisite period of time after the discovery of the expansion of the Constitutional right against cruel and unusual punishment under the Eighth Amendment afforded to him as applied to the states pursuant to the Fourteenth Amendment under Miller v. Alabama, and where [Appellant] suffered chronic traumatic abuse during his childhood and adolescence which caused his brain to be undeveloped or immature or lacking in physical maturity, even after he reached the age of 18 when he committed the crime herein.

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level."  ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)).  This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error.  ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa.

- 5 -

2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final.  42 Pa.C.S. § 9545(b)(1).  This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition.  ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).  A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3]  A petition invoking one of these exceptions must be filed within

---

[3]  The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

sixty days of the date the claim could first have been presented.[4]  42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant initially was sentenced on January 23, 1997.  This Court affirmed Appellant's judgment of sentence on April 1, 1998.  *Commonwealth v.Williams*, 718 A.2d 350, 775 EDA 1997 (Pa. Super. filed April 1, 1998) (unpublished memorandum).  Appellant filed a petition for allowance of appeal that was denied by our Supreme Court on August 25, 1998.  *Williams*, 727 A.2d 131, 163 EAL 1998 (Pa. filed August 25, 1998).  Appellant did not file an appeal with the United States Supreme Court.

---

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[4] Until recently, a petition invoking an exception was required to be filed within sixty days of the date the claim could have been presented.  However, Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and Section 9545(b)(2) now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.  *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3 ("[T]he amendment ... shall apply to claims arising on Dec. 24, 2017 or thereafter.").  Appellant's PCRA petition in this matter was filed prior to this change.

As such, Appellant's judgment of sentence became final for PCRA purposes on November 23, 1998, ninety days after the Pennsylvania Supreme Court denied *allocatur* and time expired for Appellant to file an appeal with the United States Supreme Court. 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. Therefore, Appellant had to file the current PCRA petition by November 23, 1999, in order for it to be timely. **See** 42 Pa.C.S. § 9545(b)(1) (a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final). Appellant did not file the instant PCRA petition until March 7, 2016. Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). It is the petitioner's burden to allege and prove that one of the exceptions exists. **Commonwealth v. Whitehawk**, 146 A.3d 266, 269–270 (Pa. Super. 2016).

In the case *sub judice*, Appellant asserts that "his petition met the time filing exception due to the expansion of the new constitutional change recognized in **Miller v. Alabama**, 567 U.S. 460, 465 (2012)," and that **Montgomery v. Louisiana**, 136 S.Ct. 718, 732 (2016), made the holding in **Miller** retroactive. Appellant's Brief at 10, 12. While Appellant acknowledges

that he was twenty years of age at the time of the murder, Appellant "is arguing that there should be an expansion of the current constitutional right of those under 18 years of age to include those at or over the age of 18 up to 25 to not be sentenced to life imprisonment without parole." ***Id.*** at 12. Appellant further maintains that it would be "cruel and unusual punishment to sentence someone with an immature brain to such a harsh sentence." ***Id.*** Appellant posits that scientific evidence supports this position. ***Id.*** at 19-23.

In ***Miller***, the United States Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was under eighteen years old. ***Miller***, 567 U.S. at 470. In ***Montgomery v. Louisiana***, 136 S.Ct. 718, 732 (2016), the U.S. Supreme Court held that its decision in ***Miller*** applied retroactively. However, in the case *sub judice*, because Appellant was twenty years old at the time he committed the instant murder, ***Miller*** is inapplicable. ***See Commonwealth v. Lee***, 206 A.3d 1, 9 (Pa. Super. 2019) (*en banc*) (holding that appellant, who was over the age of eighteen at the time of offense, could not invoke ***Miller*** to overcome the PCRA time-bar); ***Commonwealth v. Lawson***, 90 A.3d 1, 6 (Pa. Super. 2014) (stating that the holding in ***Miller*** is limited to those offenders who were juveniles at the time they committed their crimes).

Further, this Court previously has refused to render relief on the brain science argument that Appellant raises in his PCRA Petition. ***See***

*Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (rejecting the nineteen-year-old appellant's argument based on neuroscientific theories of brain development that he is entitled to PCRA relief because he was a "technical juvenile" at the time he committed his crimes). In *Lee*, this Court explained, "As compelling as the 'rationale' argument is, we find it untenable to extend *Miller* to one who is over the age of 18 at the time of his or her offense for purposes of satisfying the newly-recognized constitutional right exception in section 9545(b)(1)(iii)." *Lee*, 206 A.3d at 10. We further stated, "[A]ge is the sole factor in determining whether *Miller* applies to overcome the PCRA time-bar, and we decline to extend its categorical holding." *Id.* at 11. Thus, Appellant has failed to establish an exception to the PCRA time-bar on the basis of *Miller* and *Montgomery*.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/29/20</u>